UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

|  |  |
|---|---|
| **JERRY GUZMAN,** )<br>　　　　　　　　　　　　　) <br>　　　　　　Petitioner, )<br>　　　　　　　　　　　　　)<br>　　v. 　　　　　　　　　　)<br>　　　　　　　　　　　　　)<br>W.L. MONTGOMERY (Warden), )<br>　　　　　　　　　　　　　)<br>　　　　　　Respondent. ) | **Case No. SA CV 16-02287-VBF-JDE**<br>**ORDER**<br>Overruling Petitioner's Objections;<br>Adopting Report & Recommendation;<br>Denying the Habeas Corpus Petition;<br>Dismissing the Action With Prejudice;<br>Terminating and Closing Action (JS-6) |

　　　　The Court has reviewed the habeas corpus petition, CM/ECF Document ("Doc") 1; respondent's answer (Doc 21) and lodged documents (Doc 24); petitioner's traverse (Doc 31); the Magistrate Judge's June 8, 2018 Report and Recommendation ("R&R") (Doc 34) and petitioner's objections (Doc 37); and the applicable law. As required by Fed. R. Civ. P. 72(b)(3), the Court has engaged in de novo review of the portions of the R&R to which petitioner has specifically objected and finds no defect of law, fact, or logic in the R&R. The Court finds discussion of the objections to be unnecessary on this record. "The Magistrates Act 'merely requires the district judge to make a de novo determination of those portions of the report or specified proposed findings or recommendation to which objection is made.'" It does not require a written explanation of the reasons for rejecting objections. *See MacKenzie v. Calif. AG*, 2016 WL 5339566, *1 (C.D. Cal. Sept. 21, 2016) (citation omitted).

"This is particularly true where, as here, the objections are plainly unavailing." *Smith v. Calif. Jud. Council*, 2016 WL 6069179, *2 (C.D. Cal. Oct. 17, 2016). Accordingly, the Court will accept the Magistrate's findings and conclusions and implement his recommendations.

## ORDER

Petitioner's objection **[Doc # 37] is OVERRULED.**

The Report and Recommendation **[Doc # 34] is ADOPTED.**

The petition for a writ of habeas corpus **[Doc # 1] is DENIED.**

Final judgment consistent with this order will be entered separately as required by Fed. R. Civ. P. 58(a). *See Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013).

Any Fed. R. Civ. P. 59(e) motion for reconsideration must be filed within twenty-eight calendar days from the date of this Order.[1] Any purported reconsideration motion filed thereafter will be treated as a Fed. R. Civ. P. 60(b) motion for relief from judgment.[2]

**This action is DISMISSED with prejudice. The case is TERMINATED (JS-6).**

IT IS SO ORDERED.

Dated: August 9, 2018

Hon. Valerie Baker Fairbank
Senior United States District Judge

---

[1] This Court has no discretion to extend the deadline for Rule 59(e) motions. "Federal Rule of Civil Procedure 6(b)(2) provides that 'a court must not extend the time to act under Rules . . . 59(b), (d), and (e), and 60(b).'" *De Adams v. Hedgpeth*, No. LA CV 11-04330-VBF-FFM, 2015 WL 114163, *1 (C.D. Cal. Jan. 7, 2015).

[2] *See Kraft v. Oldcastle Precast, Inc.*, 2016 WL 4120049, *2-*3 (C.D. Cal. Aug. 2, 2016) (Fairbank, J.) ("A motion is characterized pursuant to Rule 59(e) or Rule 60(b) based upon its filing date. If a motion is served within 28 days of rendition of judgment, the order will ordinarily fall under Rule 59(e). Motions . . . filed after twenty-eight days are considered pursuant to rule 60(b).") (internal quotation marks and alterations omitted) (citing, *inter alia*, *Perez-Perez v. Popular Leasing Rental, Inc.*, 993 F.2d 281, 284 (1st Cir. 1993)), *affirmed*, 700 F. App'x 704 (9th Cir. 2017). *Accord Finch v. City of Vernon*, 845 F.2d 256, 258-59 (11th Cir. 1988).